**AMERICAN SAMOA GOVERNMENT, Plaintiff,**

**v.**

**RICHARD PATRICK MAJHOR, Defendant.**

High Court of American Samoa
Trial Division

CR No. 10-03
CR No. 21-03

June 16, 2004

Before RICHMOND, Associate Justice, SAGAPOLUTELE, Associate Judge, and TAPOPO, Associate Judge.

Counsel: For Plaintiff, Fiti A. Sunia, Attorney General, Diane Roy, Assistant Attorney General, and Harvey Kincaid, Assistant Attorney General
For Defendant, Andrew T. Stave, Assistant Public Defender

ORDER DENYING MOTION FOR CHANGE
OF VENUE AND A SURVEY EXPERT

On Feburary 5, 2004, Defendant Richard Majhor ("Majhor") moved for change of venue and for appointment of a survey expert. Along with a host of other motions, we heard argument for the two motions on March 4, 2004. For the reasons below, we deny both motions.

## Discussion

■ Due process entitles a defendant to "a panel of impartial, 'indifferent' jurors." *American Samoa Gov't v. Wei Li Fang*, 7 A.S.R.3d 104,106 (Trial Div. 2003) (citations omitted). An inquiry into actual jury bias is premature when jury voir dire has not yet been conducted. *Id.* at 107. To show jury bias at this stage, the defendant must meet the burden of showing an atmosphere of presumed prejudice. *Id.* Rarely shown, presumed prejudice "is reserved for exceptional cases where the influence of the news media negatively pervades the proceedings, either in the community or courtroom." *Id.* (citations omitted). Stated another way, the defendants "carry a heavy burden of showing oversaturation of highly sensationalized news coverage." *Id.*

■ Applying an analysis similar to that used in *Wei Li Fang*, we find that Majhor has failed to meet his burden. Majhor fails to introduce any evidence of prejudiced radio, television coverage, or general public sentiment to show oversaturation. Refraining from making conclusions on Majhor's guilt or innocence, the tendered newspaper articles make clear that Majhor has allegedly committed crimes, is charged with these crimes, and faces ongoing court proceedings.

By characterizing possibly inflammatory statements as beliefs and by primarily reporting facts, the most opinionated article lacks high sensationalism. It reports that "today commemorates the . . . possible murder of Wyatt Jr. [the victim] at the hands of seven defendants." (Def.

Supplemental Br. for Mot. for Change of Venue, Ex. A at 1.) The article also explains that residents are concerned about "the possibility of truth behind rumors" about what happened to the victim. (*Id.*) The article quotes statements of the victim's family and describes their beliefs concerning the case. (*Id.* at 1, 15.) In addition, the article reports that several eyewitnesses gave accounts of the victim's death to the victim's family. (*Id.* at 15.) Overall, the article is not highly sensational news coverage.

The other tendered articles do not undermine Majhor's right to an impartial jury. Many of the articles do not describe the substance of the case, but report on collateral issues, such as attorney changes or FBI involvement. (Def. Mot. for Change of Venue, Ex. A at 3, 9.) Two of the articles focus on other defendants and only mention Majhor in passing. (*Id.* at 2, 4.) One article fails to mention Majhor at all. (*Id.* at 7.) Also unsensational, some news reports discuss the Majhor case directly. One such article restricts itself to reporting on court proceedings. (*Id.* at 5.) Written prior to Majhor's initial appearance, the first-in-time article accurately describes the Attorney General's position on the case, the impact of the case on the victim's family, and the court-imposed confidentiality order. (*Id.* at 1.) Finding that the news media is not negatively pervasive, we deny the motion to change venue.

 We also deny the defense request for an expert to conduct an independent survey to evaluate any opinions or bias in the jury pool of American Samoa. We order funding for a defense expert when the defense requires the services of the expert "to effectively present the defense and will be prejudiced without expert assistance." *American Samoa Gov't v. Aigasalemamala,* CR No. 39-99, slip op. at 3 (Trial Div. Mar. 2, 2000). A defense survey expert is unnecessary to effectively present the defense. With voir dire available to the defense to prove actual jury prejudice, the defense has an effective tool for discovering juror prejudice. *State v. Weatherford,* 416 N.W.2d 47, 52 (S.D. Sup. Ct. 1987). Furthermore, the defense has the opportunity to prove presumed prejudice with evidence of media reports available to the public, as in the change of venue motion considered here. *State v. Powers,* 537 P.2d 1369, 1374 (Idaho Sup. Ct. 1975).

### Order

1. Majhor's motion for change of venue is denied.

2. Majhor's motion for an appointment of a survey expert is denied.

It is so ordered.